**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sam Bevilacqua, et al., | No. CV-25-02712-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Argus Panoptes LLC, et al., | |
| Defendants. | |

Plaintiffs Sam Bevilacqua, Jose Flores, Ryan Kotrosa, Bonnie Carpenter, and Steven Situ, (collectively "Plaintiffs") move pursuant to Federal Rule of Civil Procedure 55(b) for default judgment against Defendants Argus Panoptes, LLC ("Argus"), Jeffrey Tidwell, and Jane Doe Tidwell (collectively, "Defendants"). (Docs. 10, 16.) Defendants failed to file a response, and the time for filing has passed. For the reasons stated below, default judgment is granted.

## I.    Background

Argus is an Arizona limited liability company engaged in the business of artificial intelligence security technology. (Doc. 1 ¶¶ 6, 14.) Mr. Tidwell is the sole principal, member, organizer, and Chief Executive Officer of Argus. (*Id.* ¶ 13.) Jane Doe Tidwell is the unidentified spouse of Mr. Tidwell. (*Id.* ¶ 8.) Plaintiff Kotrosa was a Product Engineer II at Argus beginning in August 2024. (*Id.* ¶ 23.) Plaintiff Carpenter was a General Manager and Project Manager at Argus beginning in September 2024. (*Id.* ¶ 24.) Plaintiff Bevilacqua

was a Senior Technical Director at Argus beginning in October 2024. (*Id.* ¶ 26.) Plaintiff Flores was a Technical Engineer at Argus beginning in October 2024. (*Id.* ¶ 27.) Plaintiff Situ was a Senior Hardware Technician at Argus beginning in October 2024. (*Id.* ¶ 25.)

On March 2, 2025, Mr. Tidwell notified each of the Plaintiffs via email that their employment was being terminated effective immediately and that Argus would be closing. (*Id.* ¶ 45.) None of the Plaintiffs received any compensation, including minimum wage, after their December 2024 wages, despite continuing to remain employed by and working for Defendants until March 2, 2025. (*Id.* ¶ 44.)

Accordingly, Plaintiffs filed their complaint against Defendants on July 30 6, 2025 bringing claims for breach of contract, bad faith, fraudulent misrepresentation, violations of the Fair Labor Standards Act, violations of the Arizona Wage Act, violations of the Arizona Minimum Wage Act, violations of A.R.S. § 20-2330, and violations of the Employee Retirement Income Security Act. (Doc. 1.) Plaintiffs served Argus with process on August 4, 2025. (Doc. 7.) Argus did not file an answer and has not made an appearance in the matter. The Clerk's Office entered default against Argus on August 27, 2025. (Doc. 9.) Plaintiffs served the Tidwells with process on September 25, 2025. (Doc. 13.) The Tidwells did not file an answer and have not made an appearance in the matter. The Clerk's Office entered default against the Tidwells on October 22, 2025. (Doc. 15.) Plaintiffs now move for default judgment.

## II.    Legal Standard

After the clerk enters default, the Court may enter default judgment pursuant to Rule 55(b). The Court's "decision whether to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

When determining whether default judgment is appropriate, the Court considers several factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's

substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). To make this decision, the Court accepts as true the complaint's well-pled factual allegations, except those related to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). If the Court determines that the allegations in the complaint are sufficient for imposing default judgment, then it must "determine the amount and character of the relief that should be awarded." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012).

**III.    Analysis**

Having weighed the relevant factors, the Court finds default judgment is appropriate. The first factor, prejudice to the Plaintiffs, favors entry of default judgment because, if default judgment is not entered, Plaintiffs "will likely be without other recourse for recovery" against Defendants. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

"The second, third, and fifth *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states a plausible claim for relief[.]" *SCF RC Funding I, LLC v. GKRM, Inc.*, No. CV-21-00658-PHX-DLR, 2021 WL 3290530, at *2 (D. Ariz. Aug. 2, 2021). What's more, fact disputes are unlikely because Defendants have failed to appear to contest the allegations against it. The second, third, and fifth factors therefore favor entry of default judgment.

The fourth factor centers around the money at stake in relation to the seriousness of a defendant's conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Generally, when the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged. *See Eitel*, 782 F.2d at 1472. But default judgment may be appropriate where the sum of money is tailored to the specific misconduct of the defendant. *Bd. of Trs. of the Sheet Metal*

*Workers Health Care Plan v. Superhall Mech., Inc.*, No. C-10-2212 EMC, 2011 WL 2600898, at *2 (N.D. Cal. June 30, 2011). Such is the case here. Here, the amount of money at stake is not insignificant. Plaintiff Kotrosa seeks $122,676.25; Plaintiff Carpenter seeks $102,362.95; Plaintiff Situ seeks $71,870.29; Plaintiff Bevilacqua seeks $144,519.23; and Plaintiff Flores seeks $83,424.22. However, these amounts are properly tailored to the specific misconduct of these Defendants—Plaintiffs seek the amounts owed from Defendant, plus statutory interest.

The sixth factor favors default judgment. There is no evidence that Defendants' default was the result of excusable neglect. All Defendants were served with a copy of the complaint (Docs. 7, 13.) Given this it "is unlikely that [Defendants'] failure to answer and the resulting default[s] was a result of excusable neglect." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).

The last factor always weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Rule 55(b)'s existence, however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Moreover, Defendants' failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. Stated differently, it is difficult to reach the merits when the opposing party is absent. Because Plaintiffs have asserted plausible claims for relief to which Defendants have failed to respond, the policy encouraging decisions on the merits does not weigh against entry of a default judgment in this case.

The burden on a plaintiff to prove damages is relatively lenient. *Elektra Ent. Grp. v. Bryant*, No. 03-6381, 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004). The Court may hold a hearing or "rely on declarations submitted by the parties." *Rosmarin v. Experienced Transp. Inc.*, No. CV-18-00511-TUC-LAB, 2019 WL 13198207, at *1 (D. Ariz. Feb. 14, 2019). Plaintiffs have submitted declarations to support their damages calculation. (Docs. 10-1, 10-2, 10-3, 10-4, 10-5, 16-1, 16-2, 16-3, 16-4, 16-5.) The damages amount in the declarations are the same or less than the damages amount listed in the allegations.

- 4 -

(*Compare* Doc. 1 at 17–18, *with* Docs. 10-1–10-5; 16-1–16-5.) Accordingly, Plaintiffs provided sufficient proof of damages. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100–01 (N.D. Cal. 2014).

Plaintiffs have requested prejudgment interest at the statutory rate of 10% per annum pursuant to A.R.S. § 44-1201(A)(2), (F). "When a judgment is based on federal claims, the federal rate generally applies to an award of prejudgment interest." *Mooney v. Roller Bearing Co. of Am. Inc.*, 138 F.4th 1349, 1351 (9th Cir. 2025). And "[w]hen a party prevails only on state claims, the state interest rate generally applies." *Id.* But "when a judgment is based equally on both state and federal claims, the district court has discretion to select a proper prejudgment interest rate." *Id.* Here, the judgment is based equally on both state and federal claims and Plaintiffs elected to bring these claims in federal court rather than state. Accordingly, the Court exercises its discretion to select the federal rate for prejudgment interest. *See W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984) (fixing "the rate for pre-judgment interest" to the "measure of interest rates prescribed for post-judgment interest in 28 U.S.C. § 1961(a) . . . unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate.") Relatedly, post-judgment interest is governed by federal law. *AT&T Co. v. United Computer Systems, Inc.*, 98 F.3d 1206, 1209 (9th Cir.1996)

**IT IS ORDERED** that Plaintiffs' motions for default judgment (Docs. 10, 16) are **GRANTED**. Default judgment is entered against Defendants Argus Panoptes, LLC, Jeffrey Tidwell, and Jane Doe Tidwell (collectively, "Defendants") as follows:

1. Defendants breached their employment contracts and the implied covenant of good faith and fair dealing with Plaintiffs.

2. Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 203, et seq., the Arizona Wage Act, A.R.S. §§ 23-350, et seq., the Arizona Minimum Wage Act, A.R.S. §§ 23-362, et seq., and A.R.S. § 20-2330 with respect to each Plaintiff.

3. Defendants violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., with respect to Plaintiffs Kotrosa and Carpenter.

4. Defendants are liable to each Plaintiff for its breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, and for its violations of the Fair Labor Standards Act, the Arizona Wage Act, the Arizona Minimum Wage Act, and A.R.S. § 20-2330, and that Defendants are liable to Plaintiffs Kotrosa and Carpenter for its violation of the Employee Income Security Act.

5. Defendants are liable to Plaintiffs for the following:

    a. A judgment for Plaintiff Ryan Kotrosa against Defendants for $122,676.25.

    b. A judgment for Plaintiff Bonnie Carpenter against Defendants for $102,362.95.

    c. A judgment for Plaintiff Steven Situ against Defendants for $71,870.29.

    d. A judgment for Plaintiff Sam Bevilacqua against Defendants for $144,519.23.

    e. A judgment for Plaintiff Jose Flores against Defendants for $83,424.22.

    f. Prejudgment interest to date at the rate authorized under 28 U.S.C. § 1961.

6. Defendants are further liable to Plaintiffs for any and all post-judgment interest on the total award at the rate authorized under 28 U.S.C. § 1961, commencing as of the date hereof.

7. Plaintiffs may move for attorney fees and costs in a manner that complies with LRCiv 54.2.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in accordance with this order and close this case.

Dated this 29th day of July, 2026.

_____
Douglas L. Rayes
Senior United States District Judge

- 6 -