**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Sam Bevilacqua, et al.,
Plaintiffs,
v.
Argus Panoptes LLC, et al.,
Defendants.

No. CV-25-02712-PHX-DLR (ASB)

**REPORT AND RECOMMENDATION**

**TO HON. DOUGLAS L. RAYES, SENIOR UNITED STATES DISTRICT JUDGE:**

Before the Court and ripe for disposition is Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. 24), which is supported by its accompanying affidavits and exhibits (Docs. 24-1 through 24-4). For the reasons below, undersigned recommends the Motion be granted in part and fees and costs be ordered as to Defendants Argus Panoptes, LLC, Jeffrey Tidwell, and Jane Doe Tidwell (collectively, "Defendants").

**A. Background**

Plaintiffs Sam Bevilacqua, Jose Flores, Ryan Kotrosa, Bonnie Carpenter, and Steven Situ (collectively, "Plaintiffs") initiated this action by Complaint filed July 30, 2025. (Doc. 1.) All Defendants were served (Docs. 7, 13) and failed to file a responsive pleading. The Clerk of Court entered default as to Defendant Argus Panoptes LLC on August 27, 2025 and as to Defendants Jeffrey Tidwell and Jane Doe Tidwell on October 22, 2025. (Docs. 9, 15.) Plaintiffs moved for entry of default judgment as to all Defendants. (Doc. 16.)

In its Order filed July 30, 2026, this Court summarized the facts of the case and entered default judgment against Defendants after analyzing the relevant factors under the law. (Doc. 18.) Specifically, the Court found Defendants had "breached their employment contracts and the implied covenant of good faith and fair dealing with Plaintiffs." (*Id.* at 5.) The Court further found that Defendants had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et seq.*, the Arizona Wage Act ("AWA"), A.R.S. §§ 23-350, *et seq.*, the Arizona Minimum Wage Act ("AMWA"), A.R.S. §§ 23-362, *et seq.*, and A.R.S. § 20-2330 with respect to each Plaintiff. (*Id.*) Next, the Court found that Defendants had "violated the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, with respect to Plaintiffs Kotrosa and Carpenter." (*Id.*) Accordingly, the Court concluded that Defendants "are liable to each Plaintiff for its breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation, and for its violations of the Fair Labor Standards Act, the Arizona Wage Act, the Arizona Minimum Wage Act, and A.R.S. § 20-2330, and that Defendants are liable to Plaintiffs Kotrosa and Carpenter for its violation of the Employee [Retirement] Income Security Act." (*Id.* at 6.)

After making the above findings and conclusions, this Court entered default judgment as follows:

a. A judgment for Plaintiff Ryan Kotrosa against Defendants for $122,676.25.
b. A judgment for Plaintiff Bonnie Carpenter against Defendants for $102,362.95.
c. A judgment for Plaintiff Steven Situ against Defendants for $71,870.29.
d. A judgment for Plaintiff Sam Bevilacqua against Defendants for $144,519.23.
e. A judgment for Plaintiff Jose Flores against Defendants for $83,424.22.
f. Prejudgment interest to the date that Order at the rate authorized under 28 U.S.C. § 1961 and "any and all post-judgment interest on the total award at the rate authorized under 28 U.S.C. § 1961, commencing as of the date hereof."

(Doc. 18 at 6.) Finally, the Court permitted Plaintiffs to move for attorneys fees and costs. (*Id.*)

Plaintiffs filed their instant Motion for Attorneys' Fees and Costs on August 19, 2026. (Doc. 24.) Undersigned has been referred "all post-judgment proceedings in this matter" pursuant to Local Rule 72.1(b). (Doc. 23.) Thus, undersigned issues this Report and Recommendation to the District Judge.

No response to the Motion for Attorney's Fees was filed. Per LRCiv 7.2(i), a lack of response can be deemed as consent to granting of the Motion; nevertheless, the Court considers the Motion on its merits under the applicable law.

**B. Applicable Law and Analysis**

Default judgment has been entered as to Plaintiffs' various claims, and each type of claim has its own standard for an award of fees and costs. Those standards are applied here in turn.

In a FLSA action, an award of reasonable attorney's fees and costs to a prevailing plaintiff is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Similarly, under the AMWA, a "prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit." A.R.S. § 23-364(G). The Ninth Circuit has held that the word "defendant" in the FLSA "describe[s] the party who may be liable for the plaintiff's attorney's fees" and "refers to the employer against whom the charge of violation has been brought." *Richard v. Alaska Airlines, Inc.*, 750 F.2d 763, 766 (9th Cir. 1984). Defendants have not disputed that the statutory definition applies to them, and undersigned finds that Defendants each meet the statutory definition of a "defendant."

The Court further concludes that Plaintiffs are each a "prevailing party," as Plaintiffs "succeed[ed] on any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit" regarding Defendants. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying *Hensley* in an analysis whether a plaintiff in a FLSA action was the prevailing party). Defendants have

not disputed that any Plaintiff is a "prevailing party" under federal or Arizona law.

In an Employee Retirement Income Security Act of 1974 ("ERISA") action, a party need not be a "prevailing party" to be awarded discretionary fees and costs. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244-45 (2010); 29 U.S.C. § 1132(g). Rather, a party who "has achieved 'some degree of success on the merits'" may be awarded fees. *Id.* (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983) (analyzing discretionary award of fees under 29 U.S.C. § 1132(g)(1)). Here, default judgment has been entered, and undersigned concludes Plaintiffs have achieved a sufficient degree of success and fees under ERISA are appropriate.[1]

Finally, default judgment has been entered against Defendants with respect to state law claims of breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent misrepresentation. (Doc. 18 at 6.) In their instant Motion, Plaintiffs devote little more than a citation to A.R.S. §§ 12-341 and 12-341.01 to supporting their requests for fees on those claims. (*See* Doc. 24 at 3) ("A.R.S. 12-341 & 12-341.01 provide, respectively, that a successful party shall recover costs arising out of a civil action and reasonable attorneys' fees arising out of a contract, express or implied."). To be sure, A.R.S. § 12-341.01(A) allows a court to award reasonable fees to the successful party "[i]n any contested action arising out of a contract." However, Plaintiffs failed to acknowledge, must less analyze, the relevant factors under *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). (*See* Doc. 18.) Without that briefing, undersigned is not inclined to consider an award under that statute. *See Alpha Prop. & Cas. Ins. Co. v. Freedom Movers LLC*, No. CV-19-05660-PHX-DWL, 2020 WL 4346745, at *5 (D. Ariz. Jul. 29, 2020) (declining to award fees in contract default judgment action where *Warner* factors were unaddressed). Indeed, one need not go that far, given the claims discussed *supra*

[1] Further, in an ERISA action, "[a]n award under section 1132(g)(2) is mandatory if the following requirements are satisfied: (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award." *Bd. of Trs. of the Boilermaker Vactation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (C.D. Cal. 2005). On the record before it, undersigned does not make this finding, and the Court need not reach this because fees are warranted (and in some instances, mandatory, due to other claims in the case).

provide ample, alternative bases for the award of attorneys' fees.

Thus, the Court finds Plaintiffs are entitled to an award of fees and costs under federal and Arizona law against Defendants. The Court must now determine whether the amount Plaintiffs seek for fees and costs is reasonable under applicable law.

1. <u>Fees</u>

Even when "[t]he award of an attorney's fee is mandatory, … the amount of the award is in within the discretion of the court." *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971) (citation omitted). "To determine a reasonable attorneys' fee under FLSA, the Court uses the lodestar method." *Gary v. Carbon Cycle Ariz. LLC*, 398 F.Supp.3d 468, 485 (D. Ariz. 2019) (citations omitted); *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2008) ("District courts must calculate awards for attorneys' fees using the 'lodestar' method."). To calculate the lodestar, the Court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (citing *McGrath v. Cty. of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995)).

a. Hourly rate

Therefore, the Court first calculates the lodestar amount. "When a party seeks an award of attorneys' fees, that party bears the burden of submitting evidence of the hours worked and the rate paid. In addition, that party has the burden to prove that the rate charged is in line with the 'prevailing market rate of the relevant community.'" *Carson v. Billings Police Dep't*, 470 F.3d 889, (citing *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996)); *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895) (1984) ("Reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'"). The "relevant community," in turn, "is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Here, Plaintiff's counsel seeks fees at a variety of rates, depending on the

professional who performed a particular task. (Doc. 24 at 4-5, Doc. 24-2 at 3-6.) Specifically, as to lead counsel Brown, an hourly rate of $ 350.00 is sought; as to senior attorney Carrier, an hourly rate of $315.00 is requested; as to associate attorneys DeLuca and Clarkson, an hourly rate of $245.00 is sought; and as to legal assistant Grady, the requested hourly rate is $125.00. (Doc. 24-2 at 3-6.) Based on the record in this case and undersigned's review of recent cases in this District, undersigned concludes that the billed hourly rates listed above are reasonable as to each professional.

b. Number of hours

Counsel seeks fees for 59 hours expended by the above-listed professionals. (Doc. 24 at 4-5, Doc. 24-3 at 2-5.) Undersigned has reviewed the itemization of fees submitted as Exhibit C to the Motion. (Doc. 24-3 at 2-5.)

Although the majority of the charged hours appears reasonable, undersigned finds some administrative or clerical tasks billed should be disallowed. The Supreme Court observed in *Missouri v. Jenkins* that "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them … '[The] dollar value [of that non-legal work] is not enhanced just because a lawyer does it.'" 491 U.S. 274, 288 n.10 (1989) (quotation omitted). Clerical tasks such as filing or organizing documents "should [be] subsumed in firm overhead rather than billed at paralegal [or lawyer] rates." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).

Pursuant to the above case law, the following billing entries constitute clerical or secretarial tasks for which attorney's fees should not be awarded. The tasks and accompanying dates, amount of disallowed time, and attorneys are:

- File Complaint, civil cover sheet, and summons 7/30/25 (.1) (Carrier)
- File proof of service for Argus Panoptes 8/5/25 (.1) (Carrier)
- File application for entry of default against Argus 8/26/25 (.1) (Carrier)
- File motion for default judgment and attachments 9/12/25 (.1) (Carrier)
- File motion for alternative service 9/23/25 (.1) (Carrier)
- File notice of service 9/26/25 (.1) (Carrier)

- File application for entry of default against Tidwells 10/21/25 (.1) (Carrier)
- File motion for default judgment against Tidwells 11/3/25 (.5) (Carrier)
- File notice of pending motion 5/28/26 (.1) (Carrier)
- File motion for judgment debtor examination 8/14/26 (.1) (DeLuca)
- File motion for attorneys' fees and costs 8/19/26 (.1) (Carrier).

The total for the above, disallowed clerical tasks is 1.5 hours. Of those, 1.4 hours were billed by attorney Carrier at a rate of $315.00 per hour (totaling $441.00) and .1 hour was billed by attorney DeLuca at an hourly rate of $245.00 (therefore, $24.50 is disallowed). Thus, the total amount in fees that undersigned will recommend be disallowed is $465.50.

c. Lodestar calculation and conclusion

Therefore, of the $17,986.50 billed, undersigned recommends the resulting lodestar amount be calculated as $17,521.00, which represents the total amount billed minus the disallowed amount detailed above ($465.50).

"Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland*, 244 F.3d at 1149 n.4. That is, "in rare cases, district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976)… that have not been subsumed in the lodestar calculation." *Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992) (internal citations omitted). The *Kerr* factors are:

(1) the time and labor required,
(2) the novelty and difficulty of the questions involved,
(3) the skill requisite to perform the legal service properly,
(4) the preclusion of other employment by the attorney due to acceptance of the case,
(5) the customary fee,
(6) whether the fee is fixed or contingent,
(7) time limitations imposed by the client or the circumstances,
(8) the amount involved and the results obtained,
(9) the experience, reputation, and ability of the attorneys,
(10) the "undesirability" of the case,

(11) the nature and length of the professional relationship with the client, and
(12) awards in similar cases.

526 F.2d at 70; *see also* LRCiv 54.2(c)(3).

This matter is a straightforward wage case, wherein Defendants never participated. Plaintiff's counsel did not have to conduct any discovery regarding Defendants, and there were no complex or contested issues. The skill required to litigate these types of cases is moderate. *See Zommick v. Lewis Constr. Co. LLC*, No. CV-23-00636-PHX-DJH, 2026 WL 2969075, at *3 (D. Ariz. Oct. 2, 2026) (internal citation omitted). The rates sought are reasonable, no time limitations were imposed by the client or circumstances, and Plaintiffs' counsel were not significantly precluded from other work. Plaintiffs' counsel had not represented Plaintiffs before. The case was not particularly undesirable. After considering the *Kerr* factors, undersigned finds no reason to adjust the lodestar.

2. <u>Costs</u>

In addition to fees, Plaintiffs seek filing and service costs of $866.76 and "an additional $2,000.00 to cover anticipated costs of collecting on the judgment." (Doc. 24 at 10-11, Doc. 24-2 at 6-7, Doc. 24-4 at 2.) Undersigned addresses each request in turn.

First, undersigned finds the sought out-of-pocket costs totaling $866.76 are reasonable and supported by the documentation. Plaintiffs' sought costs are for filing and service related costs (Doc. 24-4 at 2), which are proper. Therefore, undersigned will recommend costs in the amount of $866.76 be awarded.

Next, Plaintiffs request they be awarded anticipated collection costs in the amount of $2,000.00. (Doc. 24 at 10.) In support of this request for "anticipated collection costs," Plaintiff cites to various cases, most of which are from out of this Circuit. (*See id.* at 10-11.) After carefully considering the cases cited by Plaintiff, as well as cases from this District, undersigned will not recommend the anticipated collection costs be awarded. Such costs have been characterized as speculative by this District. *See, e.g., Romero v. Steel Roots LLC*, No. CV-23-01033-PHX-ROS, 2024 WL 2389353, at *4 (D. Ariz. May 23, 2024) ("Any award of collection costs before Plaintiff incurs them is necessarily

speculative."), *Stamper v. Freebird Logistics Inc.*, No. CV-22-00155-PHX-MTL, 2022 WL 4448457, at *4 (D. Ariz. Sept. 23, 2022) ("While Defendant has not responded to the present litigation, an award for collection efforts is too speculative."), *Cavin v. Am. Healthcare Sols. LLC*, No. CV-24-01604-PHX-SHD, 2026 WL 1954835, at *3; *cf. Alvarez v. Talaveras Renovations LLC*, No. 23-cv-02654-PHX-DWL, 2024 WL 1195462, at *1-2 (D. Ariz. Mar. 20, 2024). And as this District has observed in a similar case: "Although Plaintiff has provided documentation to support that Plaintiff will actually incur the anticipated collection costs—thereby alleviating concerns that such costs are too speculative—there is simply no way to evaluate, at this time, whether such costs are reasonable." *Rasmussen v. Dream Helpers LLC*, No. CV-23-01808-PHX-SMM (JZB), 2025 WL 582747, at *2 (D. Ariz. Feb. 24, 2025). "Summarily awarding costs in the thousands of dollars for what could amount to a perfunctory collection effort does not fall within the realm of reasonable costs." *Id.* Undersigned agrees with that analysis and will recommend that the request for $2,000.00 in anticipated collection costs be denied.

**C. Conclusion**

For the foregoing reasons, **IT IS THEREFORE RECOMMENDED:**

1. That Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. 24) be **granted in part**; and
2. That the Court award Plaintiffs $17,521.00 in attorney's fees and $866.76 in costs, for a total of **$18,387.76,** against Defendants Argus Panoptes LLC, Jeffrey Tidwell and Jane Doe Tidwell, jointly and severally. This recommended award excludes a total of 1.5 total hours (or $465.50 in attorney's fees) and $2,000.00 in "anticipated collection costs" post-judgment. This recommended award is in addition to the statutory damages previously awarded by the Court in its Order filed at Doc. 18.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The

parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 22nd day of October, 2026.



Honorable Alison S. Bachus
United States Magistrate Judge